IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WILLIAM JENSEN,<br><br>    Plaintiff,<br><br> vs.<br><br>M.E. KNOWLES, Warden, et al.,<br><br>    Defendants. | Case No. CIV S-02-2373 JKS P<br><br>O R D E R |

  Plaintiff Paul Jensen is a state prisoner proceeding pro se and in forma pauperis ("IFP") with an action filed pursuant to 42 U.S.C. § 1983. After dismissing his second amended complaint, this Court found that Jensen had stated three claims—prison officials denied Jensen a medically necessary diabetic diet in violation of the Eighth Amendment, improperly confiscated Jensen's Bibles and Christian doctrine books in violation of the First Amendment, and violated the Eighth Amendment in allegedly forcing Jensen to reside in a cell with another prisoner who smoked—and instructed Jensen to file a third amended complaint. After Jensen filed his third amended complaint, the Court ordered service on fourteen prison officials.

  There are currently a number of motions pending. Chief among these motions is the State's motion to dismiss. Docket Nos. 38 (Mot.); 41 (Opp'n); 42 (Supp. opp'n). The State argues that because of his prior litigation, Jensen is not entitled to IFP status in this case. Toward this end, it asks the Court to take judicial notice of court records relating to Jensen's prior litigation. Docket No. 39. Jensen moves to consolidate this case with another case, *Jensen v. Knowles, et al.*, CIV No. S-01-0723 (E.D. Cal. April 12, 2001), which is also before this Court. Docket No. 44. He also moves to have this case reviewed by a magistrate judge. Docket Nos. 37; 43. Because it is

1

potentially dispositive of all the issues in this case, the Court will address the State's motion to dismiss before moving to the other pending motions.

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") prevents a prisoner from filing suit without paying the applicable fees in certain instances.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see also Rodriguez v. Cook,* 169 F.3d 1176, 1177–82 (9th Cir. 1999) (upholding constitutionality of § 1915(g)). In enacting the PLRA Congress sought to combat the rising number of prisoner suits in the federal courts.

> [T]he legislation was aimed at the skyrocketing numbers of claims filed by prisoners—many of which are emotionally driven but legally deficient—and the corresponding burden those filings have placed on the federal courts. Congress sought to put in place economic incentives that would prompt prisoners to "stop and think" before filing a complaint. The "three strikes" rule thus serves as a rational deterrent mechanism, forcing potential prisoner litigants to examine whether their filings have any merit before they are filed, and disqualifying frequent filers who have failed in the past to carefully evaluate their claims prior to filing.

*Abdul-Akbar v. McKelvie*, 239 F.3d 307, 318 (3d Cir. 2001) (footnote omitted).

The Ninth Circuit has recently clarified the respective burdens pertaining to demonstrating the existence or nonexistence of three strikes under § 1915(g). First, the State must produce documentary evidence that would allow a district court to conclude that a plaintiff has had three prior actions dismissed because they were frivolous, malicious, or failed to state a claim. *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). In cases where court docket records are insufficient to provide the basis for the dismissal, the State must produce court records or other documentation that shows the prior dismissal meets the requirements of § 1915(g). *Id*. "Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike." *Id*. The prisoner, once put on notice by the defendants or trial court, bears the ultimate burden of persuading the trial court that § 1915(g) does not preclude IFP status. *Id*. However, in the end "the prior dismissals would

ORDER

qualify as strikes only if, after reviewing the orders dismissing those actions and other relevant information, the district court determined that they had been dismissed because they were frivolous, malicious or failed to state a claim." *Id*. at 1121.

That Jensen is a frequent filer in federal court is certain.[1] To support its argument that Jensen's IFP status should be revoked, the State points specifically at four cases that it contends count as strikes under § 1915(g). It includes court docket records, as well as additional documentation, in support of its contention, of which the Court takes judicial notice. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (explaining that in evaluating motion to dismiss courts may take judicial notice of matters of public record). Jensen admits that two of these case, *Jensen v. Wilson, et al.*, CIV No. S-98-0936 (E.D. Cal. May 21, 1998), and *Jensen v. Davis, et al.*, CIV No. F-99-5431 (E.D. Cal. April 5, 1999)—both of which were dismissed for failure to state a claim—count as strikes. *See* Docket Nos. 39, Exs. A & D; 41 at 3, 6. Thus, the issue revolves around whether one of the two remaining cases to which the State points counts as a strike under § 1915(g).

The State first points to *Jensen v. Davis*, No. 00-CV-10438 (C.D. Cal. Sept. 28, 2000) ("*Davis I*"). *See* Docket No. 39, Ex. B. In *Davis I* the trial court found, as outlined on a form order, that the "DA def[endants]" and "judge def[endants]" were entitled to immunity and that Jensen's claims "were barred by *Heck v. Humphrey*, 512 U.S. 447, 486–87 (1994), since they implicate[d] the validity of his convictions." *Id*. As a result, the court denied IFP status and dismissed the case. Because the court denied Jensen IFP status, the State maintains that *Davis I* should count as a strike under § 1915(g).

The State additionally points to the reasoning of a magistrate judge assigned to another of Jensen's cases, who agrees with its contention that *Davis I* should be counted as a strike. In a report

---

[1] At the time Jensen filed his other case currently pending before this Court, he had filed at least fifteen other cases. *See* Docket No. 39, Ex. E at 4. Counting that case and the current case gives a total of seventeen of which this Court is aware; a sum consistent with the number Jensen lists in his second amended complaint. Docket No. 18 at 2a. Jensen lists eighteen suits in his third amended complaint. Docket No. 29 at 1a.

ORDER

and recommendation issued in *Jensen v. Knowles, et al.*, CIV No. S-01-0723 (E.D. Cal. April 12, 2001), that addressed a similar State motion to dismiss under § 1915(g), Magistrate Judge Gregory Hollows wrote:

> [Jensen] does not set forth an argument rebutting defendants' claim and the requirement that plaintiff pre-pay in full, which plaintiff apparently failed to do (thus failing to prosecute the action), inclines the court to find [*Davis I*] constitutes a strike, especially because plaintiff bears the burden to show it was not a strike.

Docket No. 39, Ex. E at 7–8. The magistrate recommended denying the State's motion to dismiss in that case because despite counting *Davis I* as a strike, the State still failed to meet the requisite three-strikes since one of the other cases constituting a strike was filed subsequent to the case before Judge Hollows. However, Judge Hollows cautioned that in any future § 1983 actions filed by Jensen after January 22, 2002, "the court would find plaintiff had the requisite three strikes precluding him from proceeding in forma pauperis absent a showing that he would be entitled to the exception [for imminent danger of serious physical injury]." *Id.*, Ex. E at 8 n. 8. The State urges the Court to subscribe to Judge Hollows's reasoning and find Jensen disqualified for IFP status because the current case was filed on October 29, 2002.

Jensen attempts to rebut the State's allegations by arguing the merits of *Davis I*. *See* Docket Nos. 41 at 3–4b; 42 at 1–15. He alleges a litany of constitutional wrongs perpetrated against him and claims that *Davis I* was wrongly decided. He argues that had he been more experienced with case law and legal reasoning, he would have been able to convince the *Davis I* trial court that he was the victim of malicious prosecution, that because his rights had been violated, the defendants in *Davis I* were not entitled to immunity, and that he was not collaterally attacking his conviction. Be that as it may, this Court does not sit in an appellate position to review the decisions of its sister courts. It must accept the judgment and conclusions of settled cases.

This conclusion to accept the *Davis I* judgment does not, however, lend so easily the answer to whether it should count as a strike under the PLRA. Given the district court's dismissal on immunity and *Heck* grounds, it is hard to say that it meets the maliciousness requirement of

ORDER

§ 1915(g).[2]  While it may meet the frivolousness grounds, that finding was not expressly made by the *Davis I* trial court.[3]  The Court is hesitant to make such a finding, especially when it is unfamiliar with the facts of that case.  Thus, to find that *Davis I* is a strike, the Court must conclude that the trial court's decision was akin to a finding that the case failed to state a claim upon which relief could be granted.[4]  The Ninth Circuit has made it clear that the phrase fails to state a claim upon which relief may be granted, as found in § 1915(g), parallels the standard in Federal Civil Rule 12(b)(6).  *Andrews*, 398 F.3d at 1121.  Determining whether *Davis I* meets this standard is a close call.

On the one hand, immunity issues are often treated at the summary judgment stage.  Thus, at that point a court must consider the facts in evidence, square the case within existing law, and determine whether *on the merits* it should be entitled to further proceedings.  On the other hand, it is clear from the trial court's dismissal of Jensen's IFP application that it considered his arguments to be so insufficient on their face as to justify denying him IFP status.  Indeed, the trial court made this

---

[2]  A case is malicious under § 1915(g) "if it was filed with the 'intention or desire to harm another.'"  *Andrews*, 398 F.3d at 1121 (quoting *Webster's Third New International Dictionary* 913 (1993)).

[3]  A case is frivolous under § 1915(g) "if it is 'of little weight or importance: having no basis in law or fact.'"  *Andrews*, 398 F.3d at 1121 (quoting *Webster's Third New International Dictionary* 1367 (1993)).  A box on the IFP dismissal form certifying that the case was "[l]egally and/or factually patently frivolous" was left unchecked.  Docket No. 39, Ex. B.

[4]  The Court respects and appreciates the reasoning of Judge Hollows's recommendation in *Jensen v. Knowles*, CIV No. S-01-0723 (E.D. Cal. April 12, 2001).  However, his recommendation is based more on the fact that Jensen failed to meet what Judge Hollows concluded to be Jensen's initial burden to file a meaningful opposition to the State's assertion that *Davis I* was a strike than it was a conclusion that the case met one of § 1915(g)'s prerequisites.  In other words Judge Hollows never expressly concluded that the *Davis I* dismissal was, in effect, a judgment that Jensen's claims were frivolous, malicious, or failed to state a claim.  As explained above, the Ninth Circuit has since concluded that the initial burden to produce documentary evidence is on the State.  *Andrews*, 398 F.3d at 1120.  Even were the Court to otherwise agree with Judge Hollows, Jensen's "prior dismissals would qualify as strikes only if, after reviewing the orders dismissing those actions and other relevant information, [this Court] determined that they had been dismissed because they were frivolous, malicious or failed to state a claim."  *Id*. at 1121.

ORDER

finding with the State never having filed a responsive pleading of any kind. That Jensen's IFP status could be rejected out of hand and his complaint dismissed for failure to pay the applicable fees leads the Court toward the conclusion that the dismissal equates to a dismissal for failure to state a claim.

Further, by referencing pages 486 and 487 of *Heck*, the trial court made it clear that Jensen's § 1983 claims in *Davis I* were attacking the validity of a criminal judgment against him. The *Heck* Court reaffirmed that the "principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." 512 U.S. at 486. Therefore, before a plaintiff may recover damages under § 1983, he must prove that the conviction or sentence is no longer valid. *Id*. at 487. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is *not cognizable* under § 1983." *Id*. (italics added).

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, *the complaint must be dismissed* unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. (italics added). Since both the trial and appellate courts found that Heck's damages claims challenged the legality of his conviction, the Supreme Court affirmed the trial court's dismissal. *Id*. at 490.

While it is unclear whether the *Heck* dismissal was based on Rule 12(b)(6), it is clear that the Supreme Court's decision set a prerequisite to filing a § 1983 suit. If a prisoner's § 1983 claims, as apparently was the case with Jensen's *Davis I* claims, necessarily involve the lawfulness of his conviction, the case is simply not cognizable under § 1983 and must be dismissed. That the *Davis I* trial court faithfully applied this standard to Jensen's claims is reasonably clear to the Court. Jensen's opposition to the *Davis I* court's reasoning provides further support for the conclusion that his claims in that case necessarily called his conviction into question.

As to the second case to which the State points as a strike—*Jensen v. Davis, et al.*, CIV No. S-01-0160 (E.D. Cal. Jan. 24, 2001) ("*Davis II*")—the State's argument presents a difficult

ORDER

question. *Davis II* was dismissed for failure to exhaust administrative remedies. Docket No. 39, Ex. C. However, the dismissal was based on the reasoning of the Supreme Court in *Booth v. Churner*, 532 U.S. 731 (2001), which held that prison administrative remedies must still be exhausted even if those remedies do not present the same relief, such as damages, available in federal civil rights actions. *Id*. at 741. *Booth* overruled the Ninth Circuit's decision in *Rumbles v. Hill*, 182 F.3d 1064 (1999), which held that administrative exhaustion was not a prerequisite to a suit for money damages where the grievance system, such as exists in California, did not authorize recovery of damages. *Id*. at 1069.

*Booth* was decided while *Davis II*, a federal civil suit for damages, was pending. Accordingly, because Jensen had not exhausted his administrative remedies according to the *Booth* Court's dictates, the trial court dismissed his complaint. While the retroactivity of *Booth* may not be up for debate, *see Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993), whether such a dismissal should count as a strike pursuant to the PLRA is less clear. Were the law in this circuit settled when Jensen filed *Davis II*, the Court would be much more inclined to find that *Davis II* constituted a strike. Under the circumstances it is hard to fault Jensen for his failure to exhaust without also requiring him to have anticipated the Supreme Court's decision in *Booth*.

Further, the Ninth Circuit has made it clear that motions for failure to exhaust are motions in abatement that fall under the unenumerated ambit of Federal Rule of Civil Procedure 12(b) rather than Rule 12(b)(6). *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). Federal circuits are split on the issue. *Compare Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) ("[F]ail[ure] to state a claim," as used in Sections 1997e(c) and 1915(g) of the PLRA, does not include failure to exhaust administrative remedies."), *with Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (finding that a dismissal for failure to exhaust counts as a "strike" under § 1915(g)); *Cf. Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (excusing a prisoner's frivolous § 1983 actions "from the reach of the PLRA's 'three strikes' proviso simply because the cases included unexhausted habeas claims" would allow "litigious prisoners [to] immunize frivolous lawsuits from the 'three strikes' barrier by the simple expedient of pleading unexhausted habeas claims as components of § 1983 suits"). It does not appear as though the Ninth Circuit has weighed in on the debate.

ORDER

However, in the end given the Court's decision to count *Davis I* as a strike, it need not resolve the respective competing merits of *Snider* and *Rivera* and make an ultimate determination as to the status of *Davis II* as a strike.

In short the Court concludes that the *Davis I* decision is a conclusion that Jensen's claims failed to state a cognizable claim. Jensen has failed his burden to show why the dismissal should not count as a strike. Accordingly, unless Jensen is "under imminent danger of serious physical injury," the Court must revoke his IFP status and dismiss this case without prejudice to Jensen compliance in paying the full filing fee.

As to this issue, the Court concludes that Jensen is not under imminent danger of serious physical injury. All of the claims in Jensen's third amended complaint are against prison officials working at Mule Creek State Prison. *See* Docket No. 29 at 4–6. Jensen is currently housed at Pleasant Valley State Prison. Docket Nos. 24; 25; 26. Of his three remaining claims, only two present circumstances that *might* implicate his immediate safety—his claims that prison officials denied him a medically necessary diabetic diet and forced him to reside in a cell with another prisoner who smoked. And, with regard to those two claims, there is no evidence in the record that either of these allegations persist at Pleasant Valley. Nor does Jensen make such claims. Whether Jensen was in immediate danger when he filed his claims, as he alleges in his opposition, is irrelevant to whether he is currently in immediate danger.

The Court will therefore grant the State's motion to dismiss, revoke Jensen's IFP status, and dismiss this case without prejudice to Jensen filing suit after he has paid the full filing fees. In addition, because this case is being dismissed, the Court will deny as moot Jensen's motion to consolidate and his motions for review by a magistrate judge.

/////
/////
/////
/////
/////
/////

ORDER

**IT IS THEREFORE ORDERED:**

Plaintiff's motions for review by a magistrate judge at **Docket Nos. 37** and **43** are **DENIED AS MOOT**. Plaintiff's motion to consolidate at **Docket No. 44** is **DENIED AS MOOT**. Defendants' motion for judicial notice at **Docket No. 39** is **GRANTED**. Defendants' motion to dismiss at **Docket No. 38** is **GRANTED**. Plaintiff's in forma pauperis status is **REVOKED**. This case is **DISMISSED WITHOUT PREJUDICE** to Plaintiff refiling suit after he has paid the full filing fees.

Dated at Anchorage, Alaska, this 22nd day of July 2005.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER