IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PAUL WILLIAM JENSEN,<br><br>               Plaintiff,<br><br>   vs.<br><br>M.E. KNOWLES, Warden, et al.,<br><br>               Defendants. | Case No. CIV S-02-2373 JKS P<br><br><br>O R D E R |

      Plaintiff Paul Jensen, a California state prisoner serving a state prison term, sues various correctional officers at an institution where Jensen was previously confined, alleging a violation of various of his constitutional rights. 42 U.S.C. § 1983. This Court screened the complaint and concluded that at least some of Jensen's claims were viable. *See* 28 U.S.C. § 1915A. After service of process was completed, the State Attorney General's Office entered an appearance on behalf of the various correctional officers and moved to dismiss, arguing that Jensen had three prior civil rights actions dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(g).

      Two of Jensen's prior claims clearly qualified as strikes—a point Jensen conceded—since they were expressly dismissed for failure to state a claim. *See* Docket No. 45 at 3 (discussing Jensen's litigation history). Ultimately, this Court counted a third case as a strike and denied Jensen *in forma pauperis* ("I.F.P.") status. In the third case the trial court dismissed Jensen's claims under 28 U.S.C. § 1915(e)(2) primarily because Jensen was seeking to use a § 1983 suit to challenge a prior conviction, which Jensen contends was the result of malicious prosecution, i.e., a prosecution for which the government lacked probable cause and *a fortiorari* proof beyond reasonable doubt. The case was dismissed on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994). This Court

1

considered this dismissal a strike, invoked § 1915(g), denied I.F.P. status, and required Jensen to prepay a full filing fee, which he apparently declined to do and appealed to the Ninth Circuit instead.[1]

The Ninth Circuit has referred the matter back to this Court pursuant to 28 U.S.C. § 1915(a)(3) for a determination of whether the appeal is taken (1) in bad faith or (2) is frivolous. Jensen is clearly a frequent filer. He has at least seventeen prior lawsuits against prison officials. His litigation posture is confrontational and short on legal or factual support. He is, however, proceeding pro se. Whether he truly believes he has a meritorious claim worthy of litigation is hard to say.

The second question is easier to address. Reasonable jurists might differ on whether a *Heck v. Humphrey* dismissal should count as a strike. In a sense, *Heck* teaches that it is a misuse of a § 1983 suit to attempt to use it to collaterally attack a prior conviction that has not been previously and independently set aside. Viewed in this light, a *Heck* dismissal should count as a strike. On the other hand, a panel might ponder Aesop's fable of the boy who cried wolf and wonder whether continued protection against "imminent danger of serious physical injury" is a sufficient safety valve where a violation of constitutional rights is alleged and not addressed on its merits. *See* 28 U.S.C. § 1915(g). Strictly construed against Defendants, a panel might conclude that a *Heck* dismissal presents a mistaken choice of remedy and not a frivolous claim. In short, this Court is not prepared to say that this aspect of Jensen's current claim is patently frivolous.

/////

/////

/////

---

[1] The Court dismissed the case without prejudice to Jensen refiling his claims after paying the full filing fee and issued a judgment to that effect. While a dismissal without prejudice is generally not a final judgment, "[t]he denial of a motion to proceed IFP is appealable as a final judgment under 28 U.S.C. § 1291." *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005). It appears that Jensen has chosen to stand on the merits of his original I.F.P. application rather than refiling his claims after paying the full filing fee.

ORDER

**IT IS THEREFORE ORDERED:**

This Court **DECLINES** to certify that Jensen's appeal is necessarily taken in bad faith or is frivolous pursuant to 28 U.S.C. § 1915(a)(3).

Dated at Anchorage, Alaska, this  16th   day of August 2005.

                                            /s/ James K. Singleton, Jr.
                                        **JAMES K. SINGLETON, JR.**
                                         United States District Judge

ORDER