IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WILLIAM JENSEN,

    Plaintiff,

vs.

M. E. KNOWLES, et al.,

    Defendants.

Case No. 2:02-cv-02373 JKS P

ORDER

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The case is currently before the Court on remand from the Ninth Circuit Court of Appeals for determination of whether, as of the date upon which it was filed, Plaintiff's complaint met the imminent danger exception in 28 U.S.C. § 1915(g).  The Court has reviewed the briefing from the parties on this issue, and finds that Plaintiff's complaint satisfies the imminent danger exception as outlined in *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007).

### BACKGROUND

    Plaintiff filed his initial complaint on October 25, 2002.  Docket No. 1.  At that time, he was incarcerated at Mule Creek State Prison ("MCSP").  After several attempts at amending the initial complaint, this Court found that Plaintiff could proceed on three claims:  (1) prison officials denied Plaintiff a medically necessary diabetic diet in violation of the Eighth Amendment; (2) prison officials confiscated Plaintiff's Bibles and Christian doctrine books in violation of the First Amendment; and (3) prison officials violated Plaintiff's Eighth Amendment right by allegedly forcing Plaintiff to reside in a cell with another prisoner who smoked.  Docket No. 28.  During this time, Plaintiff was transferred from MCSP to Pleasant Valley State Prison.  *See* Docket No. 8.

In November 2004, Defendants moved for revocation of Plaintiff's in forma pauperis ("IFP") status and dismissal of the action. Docket No. 38. Defendants argued that because of his prior frivolous litigation, Plaintiff was not entitled to IFP status in this case. *Id*. The Court found that Plaintiff was not entitled to IFP status under the "three strikes" provision of 28 U.S.C. § 1915(g). Docket No. 45 at 8. Further, the Court found that Plaintiff could not satisfy the imminent danger exception to the "three strikes" bar because he was no longer incarcerated at MCSP where the alleged conduct had been occurring. *Id*.

The Ninth Circuit Court of Appeals reversed the dismissal and remanded the action to this Court with instructions to consider whether Plaintiff satisfied the imminent danger exception *at the time the initial complaint was filed*. Docket No. 62. Briefing on this issue has been received and reviewed by the Court. *See* Docket Nos. 68 (Pl's Supp. Br.); 69 (Defs' Supp. Br.); 78 (Pl's Resp.); 79 (Defs' Reply).

## LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") prohibits a prisoner from proceeding in forma pauperis if three or more of his prior federal actions were dismissed because they were frivolous, malicious, or failed to state a claim, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "The availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). As this is merely a threshold procedural question, the Ninth Circuit has indicated that district courts should not conduct an overly detailed inquiry into whether a particular danger is serious enough under the serious physical injury prong. *Id*. at 1055. Rather, "the exception applies if the complaint makes a *plausible allegation* that the prisoner faced 'imminent danger of serious physical injury' at the time of the filing." *Id*. (emphasis added). The prisoner must also allege that the danger is ongoing. *Id*. at 1056. Thus, "a prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strike exception." *Id*. at 1056-57.

/////

ORDER

## DISCUSSION

Plaintiff's complaint alleges he was denied a medically necessary and prescribed extra diabetic lunch/diabetic diet, from about May 19, 2002 until about October 15, 2002 by Defendant Wathen. Docket No. 29 at 8. Defendants argue that this allegation does not satisfy the imminent danger exception because it is not supported by the facts. Specifically, Defendants point out that Plaintiff admits to receiving diabetic snacks in lieu of diabetic meals, and that Plaintiff's MCSP physician ordered only that Plaintiff be provided a diabetic snack. Docket No. 69 at 6.

First, Defendants' version of Plaintiff's allegations is fairly selective. Plaintiff indeed admits that on some days he was provided an extra diabetic snack in lieu of a diabetic lunch. Docket No. 29 at 8. However, Plaintiff made clear that "on many dates, [Wathen] provided no extra diabetic food at all," and that the diabetic meal that was "sometimes" provided was on at least several occasions soiled or otherwise unfit for consumption. *Id*. at 8-9. Second, the medical chrono attached to Defendants' Brief does not definitively establish that Plaintiff's physician gave instructions to provide Plaintiff only with a diabetic snack rather than a diabetic lunch. *See* Docket No. 69, Ex. D. The typewritten instruction provides that Plaintiff should be provided with one diabetic lunch. *Id*. While the word "lunch" has been lined through and the word "snack" has been written in, there is no way for the Court to determine on the present record that it was Plaintiff's physician who made this change. *See id*.

Given the guidance in *Andrews* to avoid overly detailed inquiries into what dangers are serious enough, the Court is reticent to accept the Defendants' invitation at this juncture to find that the deprivation of Plaintiff's medically prescribed diabetic meal did not present a danger of serious physical injury. Although often easily controlled with proper treatment, Diabetes is a serious disease that can lead to serious complications and death. As the Court does not intend to play doctor, the Court finds that Plaintiff's allegation that he was deprived of his medically prescribed diabetic meal is a "plausible allegation" of a danger of serious physical harm. The Court further finds that Plaintiff's allegations of daily deprivation of this diabetic meal satisfies the ongoing danger standard adopted in *Andrews*, and consequently, the imminence prong of the imminent danger exception. *See Andrews*, 493 F.3d at 1057.

ORDER

The court in *Andrews* also held that "qualifying prisoners can file their entire complaint IFP; the exception does not operate on a claim-by-claim basis or apply to only certain types of relief." *Id*. at 1053.  As such, the Court does not explore whether Plaintiff's claim regarding second-hand smoke meets the imminent danger exception.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's in forma pauperis status and Third Amended Complaint are reinstated;

2. As noted at Docket No. 9, Plaintiff is obligated to pay the statutory filing fee of $150;

3. The California Department of Corrections and Rehabilitation shall resume installment payments from Plaintiff's trust account in accordance with the Court's Order at Docket No. 10; and

4. Defendants shall answer the Third Amended Complaint on or before **April 18, 2008.**

Dated this the 17th day of March 2008.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER