IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WILLIAM JENSEN,<br>　　　　　Plaintiff,<br>　vs.<br>M. E. KNOWLES, et al.,<br>　　　　　Defendants. | Case No. 2:02-cv-02373 JKS P<br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. In October 2007, the Ninth Circuit Court of Appeals reversed an earlier dismissal of this case and remanded it to this Court for further consideration. Docket No. 62. The parties were ordered to provide supplemental briefs on the issue presented upon remand. Docket Nos. 63, 73. On March 18, 2008, this Court found that Plaintiff had satisfied the imminent danger exception as outlined in *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007). Docket No. 81. Defendants were therefore ordered to answer the Third Amended Complaint. *Id*.

　　　　The case is currently before the Court to address a recent motion by Plaintiff alleging interference with his access to the courts by staff at California State Prison Corcoran. *See* Docket No. 82. Plaintiff complains that staff at Corcoran delayed returning legal files to him that were sent out to be copied.[1] *Id*. at 1, 3. He submits this has prejudiced his ability to file yet another supplemental brief on the imminent danger issue. *Id*. at 3. Plaintiff requests that the Court grant him leave to file a civil rights complaint or take whatever action is deemed appropriate. *Id*.

---

[1] The files were allegedly taken on February 28, 2008 and returned March 20, 2008. *See* Docket No. 83.

1

Plaintiff's motion must be denied.  First, as none of the Corcoran prison officials named in Plaintiff's motion are parties to this action, the Court lacks jurisdiction over them.  The only relief the Court could grant in this type of situation would be an extension of time.  An extension of time is not necessary in this case because there is nothing currently due from Plaintiff.[2]  Second, Plaintiff does not need the Court's leave to file a new civil rights action against prison officials at Corcoran.  Plaintiff may undertake that endeavor upon his own volition.

To the extent Plaintiff might have been asking to join the Corcoran prison officials in this lawsuit, the motion must be denied.  Permissive joinder of parties is governed by Fed. R. Civ. P. 20.  A plaintiff may join multiple defendants in one action so long as "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or serious of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  The alleged denial of Plaintiff's constitutional rights by staff at Mule Creek State Prison in 2002 is wholly unrelated to the alleged denial of Plaintiff's constitutional right to access to the courts by staff at Corcoran in 2008.  As such, joinder is entirely inappropriate.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion at Docket No. 82 is DENIED.

Dated this the 28th day of March 2008.

/s/ James K. Singleton, Jr.<br>**JAMES K. SINGLETON, JR.**<br>United States District Judge

---

[2] Plaintiff was given leave to file a single responsive supplemental brief as to the imminent danger issue.  He filed that brief on February 28, 2008.  Docket No. 78.  The Court ruled in Plaintiff's favor on this issue and ordered Defendants to answer the Third Amended Complaint.  Docket No. 81.

ORDER