IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WILLIAM JENSEN,<br><br>        Plaintiff,<br><br>    vs.<br><br>M. E. KNOWLES, et al.,<br><br>        Defendants. | Case No. 2:02-cv-02373 JKS P<br><br>ORDER |

The case is currently before the Court to address a recent notice by Plaintiff alleging interference with his access to the courts by staff at California State Prison Corcoran. *See* Docket No. 88. Plaintiff complains that he has been placed in administrative segregation and that staff at Corcoran have refused to give him access to his legal files. He submits this has prejudiced his ability to meet five unspecified court deadlines. Plaintiff requests that the Court grant him unspecified relief.

Plaintiff's notice, construed as a motion must be denied. First, as none of the Corcoran prison officials named in Plaintiff's motion are parties to this action, the Court lacks jurisdiction over them. The only relief the Court could grant in this type of situation would be an extension of time.[1] Second, Plaintiff does not need the Court's leave to file a new civil rights action against prison officials at Corcoran. Plaintiff may undertake that endeavor upon his own volition.

---

[1] The only document currently due is a joint status report from the parties. *See* Docket No. 87. If Plaintiff submits a specific request to extend this deadline for a specific amount of time, the Court will consider it. If Plaintiff chooses to file such a request, he must explain how his current situation prevents him from filing a status report and discovery plan.

1

To the extent Plaintiff might have been asking to join the Corcoran prison officials in this lawsuit, the motion must be denied. Permissive joinder of parties is governed by Fed. R. Civ. P. 20. A plaintiff may join multiple defendants in one action so long as "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The alleged denial of Plaintiff's constitutional rights by staff at Mule Creek State Prison in 2002 is wholly unrelated to the alleged denial of Plaintiff's constitutional right to access to the courts by staff at Corcoran in 2008. As such, joinder is entirely inappropriate.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's notice at Docket No. 88, construed as a motion, is DENIED.

Dated this the 12th day of August 2008.

      /s/ James K. Singleton, Jr.
      **JAMES K. SINGLETON, JR.**
      United States District Judge

ORDER