IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL WILLIAM JENSEN,<br><br>        Plaintiff,<br><br>vs.<br><br>M. E. KNOWLES, et al.,<br><br>        Defendants. | Case No. 2:02-cv-02373 JKS P<br><br>ORDER |

       This Order addresses two motions currently before the Court. First is a motion to dismiss claims against Defendants Arthur, Brown, Hettema, Sainz, Silva, Knowles, Williams, Seinwirth, Cherry, Kernan, Hansen, Feltner and Karelas for failure to exhaust administrative remedies. Docket Nos. 98 (Mot.); 98-2 (Mem.); 99 (Opp'n); 100 (Reply). Second is Plaintiff's motion requesting further efforts to serve Defendant Wathen. Docket No. 97.

## I -BACKGROUND

       Plaintiff, a state prisoner proceeding pro se, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on October 29, 2002. *See* Docket No. 1. At that time, he was incarcerated at Mule Creek State Prison ("MCSP"). After several attempts at amending the initial complaint, this Court found that Plaintiff could proceed on three claims: (1) prison officials denied Plaintiff a medically necessary diabetic diet in violation of the Eighth Amendment; (2) prison officials confiscated Plaintiff's Bibles and Christian doctrine books in violation of the First Amendment; and (3) prison officials violated Plaintiff's Eighth Amendment right by allegedly forcing Plaintiff to reside in a cell with another prisoner who smoked. Docket No. 28. During this time, Plaintiff was transferred from MCSP to Pleasant Valley State Prison. *See* Docket No. 8.

1

In November 2004, Defendants moved for revocation of Plaintiff's in forma pauperis ("IFP") status and dismissal of the action. Docket No. 38. Defendants argued that because of his prior frivolous litigation, Plaintiff was not entitled to IFP status in this case. *Id*. The Court found that Plaintiff was not entitled to IFP status under the "three strikes" provision of 28 U.S.C. § 1915(g). Docket No. 45 at 8. Further, the Court found that Plaintiff could not satisfy the imminent danger exception to the "three strikes" bar because he was no longer incarcerated at MCSP where the alleged conduct had been occurring. *Id*.

The Ninth Circuit Court of Appeals reversed the dismissal and remanded the action to this Court with instructions to consider whether Plaintiff satisfied the imminent danger exception *at the time the initial complaint was filed*. Docket No. 62. This Court found that Plaintiff's first cause of action regarding denial of a prescribed diabetic meal met the imminent danger standard. Docket No. 81. Defendants answered the complaint as directed and subsequently filed the motion to dismiss at issue. *See* Docket Nos. 85 and 98.

## II - Defendants' Motion to Dismiss

1. Legal Standard

The Ninth Circuit has held that administrative exhaustion is a defense which "should be treated as a matter in abatement subject to an unenumerated Rule 12(b) motion." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id*. at 1120. If a court finds that a plaintiff has failed to exhaust, "the proper remedy is dismissal of the claim without prejudice." *Id*.

Several recent decisions from the district courts for the Eastern District of California and the District of Massachusetts have expressed concern that *Wyatt* has been overruled *sub silentio* by *Jones v. Bock*, — U.S. —, 127 S. Ct. 910 (2007). *See e.g.*, *Chatman v. Johnson*, No. CIV S-06-0578, 2007 WL 2023544 (E.D. Cal.); *Gregory v. Adams*, No. CIV S-05-1393, 2007 WL 2481769 (E.D. Cal.); *Maraglia v. Maloney*, 499 F.Supp 2d 93 (D. Mass.). The essential concern is that the Supreme Court's clarification that failure to exhaust is an affirmative defense now requires the defense to be considered on summary judgment rather than as an unenumerated 12(b) motion. *See*

ORDER

*Gregory*, 2007 WL 2481769 at 3.  Although both procedures allowed courts to move beyond the pleadings, disputed issues of fact formerly decided by the court as matters in abatement would necessarily be reserved for trial, and perhaps even a jury, because they are unfit for summary judgment.  *See Maraglia*, 499 F. Supp 2d at 97-98 (finding that disputed issues of fact related to whether plaintiff prisoner had exhausted administrative remedies were questions reserved for a jury).

This Court believes *Wyatt* continues to be good law.  The Supreme Court's formal recognition of failure to exhaust as an affirmative defense does not necessarily alter the burden imposed on defendants by *Wyatt* of "raising and proving the absence of exhaustion."  *Wyatt*, 315 F.3d at 1119.  In fact, the Supreme Court cited *Wyatt* as an example of treating exhaustion as an affirmative defense.  *Jones*, 127 S. Ct. at 915 n.2.  The formal nomenclature used by the Court simply does not detract from the Ninth Circuit's reasoning in *Wyatt* that failure to exhaust is a matter in abatement because *it does not go to the merits* of plaintiff's claim.  *See Wyatt*, 315 F.3d at 1119.  Further, even if *Wyatt* were overruled by *Jones*, the conclusion of the court in *Maraglia* that disputed facts concerning exhaustion must be put to a jury does not make sense in light of the equitable nature of exhaustion doctrine.  *See* 12-57 Moore's Federal Practice - Civil § 57.23 (Matthew Bender 3d ed.).

Finally, the Court notes that Defendants' motion to dismiss has been filed after the responsive pleading.  *See* Docket Nos. 85 and 98.  There is clear authority in the Ninth Circuit for the proposition that a motion to dismiss alleging one of the enumerated defenses under Rule 12(b) is untimely and must be recharacterized and considered under Rules 12(c) or 56.  *See, e.g., Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004); *Aetna Life Ins., Co. v. Alla Medical Services Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988).  The Court does not believe the timing requirement must be applied to a motion under the unenumerated portion of Rule 12(b).

Rule 12(b) itself appears to specify the timing requirement only for the seven enumerated defenses:  "A motion asserting any of *these* defenses must be made before pleading . . ."  Fed. R. Civ. P. 12(b) (emphasis added).  The procedural posture of *Wyatt* itself supports this conclusion.  The exhaustion claim in *Wyatt* was raised by a motion for summary judgment after the responsive

ORDER

pleading had been filed.  *See* Civil Docket, *Wyatt v. Terhune*, No. 2:99-cv-00503 (E.D. Cal.).  The Ninth Circuit still counseled that the failure to exhaust issue should be considered under Rule 12(b) rather than Rule 56 because summary judgment is "on the merits" and failure to exhaust is a matter in abatement.  *Wyatt*, 315 F.3d at 1119.  This Court will thus consider the present motion as a motion to dismiss under the unenumerated portion of Rule 12(b) in accordance with *Wyatt*.

2. Exhaustion of Administrative Remedies

      A prisoner may not bring an action under 42 U.S.C. § 1983 until he has exhausted administrative remedies.  Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 (2001).  The law requires "proper exhaustion," which means "complet[ing] the administrative review process in accordance with the applicable procedural rules."  *Jones*, 127 S. Ct. at 922-23 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.* at 923.

      The State of California provides its prisoners and parolees the right to administratively appeal "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  In order to exhaust available administrative remedies, a prisoner must proceed through an initial informal level, and three formal levels of review, culminating in a Director's Level Decision.  *Id.* at § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal.1997).  The grievance process is initiated by filing a CDC Form 602, which requires the prisoner "to describe the problem and action requested."  *Id.* at § 3084.5(a).  A final decision at the Director's level satisfies the exhaustion requirement under 42 U.S.C. § 1997e(a).  *See Barry*, 985 F. Supp. at 1237-38.

3. Discussion

      Defendants argue Plaintiff's second and third claims against the Defendants should be dismissed because Plaintiff failed to properly exhaust the prison grievance process in several respects.

ORDER

A. Plaintiff's second claim was filed prior to exhaustion of his prison grievance

Defendants argue that pursuant to 42 U.S.C. § 1997e(a) Plaintiff's second claim must be dismissed because it was initiated two days prior to the conclusion of the prison grievance process. Docket No. 98-2 at 4.  Under current Ninth Circuit law, it is axiomatic that 42 U.S.C. § 1997e(a) requires a claim be dismissed without prejudice where it was filed prior to exhaustion of the prison grievance remedies, even where the prisoner has exhausted his remedies during the pendency of his action. *McKinney v. Carey*, 31 F.3d 1198, 1200-01 (9th Cir. 2002); *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).  The record clearly establishes that Plaintiff commenced the litigation at least two days before the grievance process was exhausted, as evidenced by Plaintiff's initial complaint filed on October 29, 2002, and the Director's level decision as to Plaintiff's First Amendment claim issued on October 31, 2002.  *See* Docket Nos. 1; 98-3 at 11.  Accordingly, Plaintiff's second claim must be dismissed unless his failure can be excused.

Plaintiff's response, spanning 157 pages, consists of excerpts of previously filed documents with handwritten annotations and revisions, unauthenticated correspondence, grievance forms without log numbers, and various other forms, tables, and case excerpts.  *See* Docket No. 99.  The Court has endeavored to cull Plaintiff's arguments from this morass and believes Plaintiff has essentially two excuses for why he filed his complaint too early.  First, he argues that prison officials frustrated the grievance process.  This is wholly unsupported by the record, which shows Plaintiff exhausted his First Amendment complaint.  His problem was not failure to exhaust, but that he initiated this action two days before the grievance process was exhausted.

Plaintiff's second argument is that he should be excused from the exhaustion requirement because he qualified for the imminent danger exception to the "three strikes" rule contained in 28 U.S.C. § 1915(g).  This appears to be a question of first impression in the Ninth Circuit.  The only published opinion the Court has found on the issue was rendered by the Eighth Circuit in *McAlphin v. Toney*, 375 F.3d 753 (8th Cir. 2004) (*per curiam*).  In that case, the court found that "a claim falling within the imminent danger exception to 28 U.S.C. § 1915(g) must nonetheless meet the mandatory exhaustion requirements of 42 U.S.C. § 1997e(a)." *Id*. at 755.  The court's only rationale was a citation to *Porter v. Nussle*, 534 U.S. 516 (2002), which held that "the PLRA's exhaustion

ORDER

requirement applies to all inmate suits about prison life." *McAlphin*, 375 F.3d at 755 (quoting *Porter*, 534 U.S. at 524). The Sixth and Tenth Circuits have done likewise in unpublished opinions, relying primarily on Congress' choice to include an imminent danger exception for § 1915(g) but not for § 1997e(a). *See Arbuckle v. Bouchard*, 92 Fed. Appx. 289, 291 (6th Cir. 2004); *Fuller v. Myers*, 123 Fed. Appx. 365, 367-68 (10th Cir. 2005).

While this Court sees the pragmatism of excusing failure to exhaust for a claim meeting the imminent danger exception, the Court believes that the other circuits to have reached the issue have correctly concluded that the absence of an express exception in § 1997e precludes Plaintiff's argument. However, even if the exception were to apply to exhaustion under § 1997e, Plaintiff would not be able to benefit from it. Plaintiff's second claim is that some of his religious books were withheld from him in violation of the First Amendment. This claim clearly does not qualify for the imminent danger exception as the Defendants' actions did not place Plaintiff in serious physical danger. *See* 28 U.S.C. § 1915(g). While only one of Plaintiff's claims need satisfy the imminent danger exception to allow Plaintiff to file his entire complaint in forma pauperis, exhaustion of administrative remedies is considered claim by claim. Compare 28 U.S.C. § 1915(g) and *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) with 42 U.S.C. § 1997e(a). A court does not determine IFP status claim by claim, as a plaintiff pays only once to file the entire complaint. Overcoming the three strikes rule thus allows a prisoner plaintiff to file his or her complaint without paying the filing fee up front. Exhaustion of administrative remedies on the other hand is determined claim by claim. Thus, even if the Court were to find the imminent danger exception applied to the exhaustion requirement, Plaintiff's second claim would not qualify as it does not satisfy the imminent danger exception. Accordingly, Plaintiff's second claim must be dismissed without prejudice.

<u>B. Plaintiff failed to name the supervisory defendants in his prison grievance</u>

Additionally, Defendants argue that Plaintiff's second claim must be dismissed because Plaintiff failed to properly exhaust his claims of supervisory liability because he failed to name the supervisory defendants in the prison grievance. Defendants rely on two district court cases in support of their argument that naming the future defendants is required to properly exhaust the

ORDER

prison grievance system.  Docket No. 98-2 at 5 (citing *Irvin v. Zamora*, 161 F.Supp. 2d 1125, 1135 (S.D. Cal. 2001); *Nichols v. Logan*, 355 F.Supp. 2d 1155 (S.D. Cal. 2004); *Ornelas v. Giurbino*, 358 F.Supp. 2d 955, 968-69 (S.D. Cal. 2005)).  Defendants failed to cite the controlling Supreme Court precedent, *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007).[1]  In *Jones*, the Supreme Court found, *inter alia*, that "exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances."  127 S. Ct. at 923.  Rather, all that is required by the PLRA is "[c]ompliance with prison grievance procedures," which vary by system.  *Id*. at 922-23.  As was the case with the Michigan prison system at issue in *Jones*, the grievance system in California does not require a prisoner to expressly name the defendants.  *See* Cal. Code Regs. tit. 15, § 3084.5 (requiring only that the prisoner describe the problem and action requested).  This is likely so because the administrative grievance system is less about future litigation and more about reaching an internal and speedy resolution of the prisoner's problem.  *See Jones*, 127 S. Ct. at 923 (citing *Johnson v. Johnson* 385 F.3d 503, 522 (5th Cir. 2004) ("the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued")).

In this case, Plaintiff filled out the prescribed grievance form, describing his problem, that correction officer Wathen had withheld from him certain religious texts, and describing the action requested, that Wathen either return the texts or have them placed in storage until Plaintiff returned to the general population.  Docket No. 98-3 at 3 (CDC Form 602, Log No. MCSP 02-1550).  This properly exhausted the administrative procedure as it provided all the information required by the grievance form itself.  *See Butler v. Adams*, 397 F.3d 1181 (9th Cir. 2005) (prisoner's failure to name defendants on the reasonable modification form did not prevent proper exhaustion where the form in question did not require identification of specific persons).  Defendants' argument fails.  However, as noted *supra*, the second claim must be dismissed without prejudice anyway because Plaintiff filed this action before he exhausted the grievance process pertaining to his second claim.

---

[1] While it is apparent from other portions of the memorandum that counsel for Defendants was well aware of *Jones*, the Court presumes that the failure to cite and discuss it here was merely inadvertence.  As a representative of the State of California and an officer of the court, counsel should be more diligent in his or her research in the future.

ORDER

### C. Plaintiff failed to exhaust grievance process after being housed with a smoker

Defendants argue that Plaintiff's third claim must be dismissed because the conduct complained of was never exhausted. Defendants correctly note that Plaintiff claims that he was forced to reside in a cell with an inmate who smoked from roughly May 18, 2002, until October 30, 2002. *See* Docket Nos. 98-2 at 6; 29 at 14-15. They argue that the only grievance regarding being forcibly housed with a smoker was exhausted by the Director's level decision entered on March 19, 2002. Docket No. 98-2 at 6. As the exhaustion of administrative remedies predates the complained of conduct, Defendants argue the third claim must be dismissed for failure to exhaust. *Id*.

A review of the record shows that Defendants are partially correct. Plaintiff apparently filed two grievances concerning being forcibly housed with a smoker and the failure to issue him a medical chrono prohibiting him from being housed with a smoker. The first, MCSP 01-03484, was exhausted by the Director's level decision issued March 19, 2002. The second, MCSP 01-02900, was exhausted by the Director's level decision issued on April 23, 2002. Docket No. 98-3 at 12-18. Defendants are thus correct that Plaintiff's grievances predate the conduct alleged from May 18, 2002, until October 30, 2002. Accordingly, Plaintiff's forced housing with an inmate who smoked during that period cannot be the subject of a claim. However, Defendants fail to fully read Plaintiff's complaint, which goes on to allege that Plaintiff was forcibly housed with a smoker around October 2001 and that Defendants Sainz and B. Williams violated his 8th Amendment right by failing to issue a medical chrono that would have precluded his exposure to second-hand smoke. Docket No. 29 at 15. Thus, although Defendants are correct that the later conduct cannot be the basis of Plaintiff's third claim, the claim as a whole survives Defendants' motion to dismiss because Plaintiff can and has alleged facts pertinent to his claim that have been administratively exhausted.

### D. Plaintiff failed to name Defendant Williams in his prison grievance

Defendants argue that Plaintiff's third claim must be dismissed as to Defendant Williams because Plaintiff failed to properly exhaust by failing to name Defendant Williams in the prison grievance. As discussed *supra*, this argument fails because California's prison grievance system does not require a prisoner to name all potentially responsible parties to properly exhaust. *See Jones*, 127 S. Ct. at 923; Cal. Code Regs. tit. 15, § 3084.5.

ORDER

### III - MOTION REQUESTING RESERVE

Plaintiff has requested that the Court order the United States Marshal to reattempt service on Defendant Wathen. Docket No. 97. The Court ordered service of the Third Amended Complaint on April 22, 2004. Docket No. 30. In accordance with that order, Plaintiff submitted a Form USM-285, Notice of Service, for Defendant R. Wathen. *See* Docket No. 34. The form instructed the Marshal Service that Defendant R. Wathen could be located at Mule Creek State Prison ("MCSP"), where he was employed as a correctional officer. *Id*.

On September 7, 2004, the Court directed the United States Marshal to affect service on the Defendants, including Defendant Wathen. Someone from the Marshal's service kept notes on the efforts to serve Defendant Wathen in the remarks section of the notice of service. *Id*. Those notes indicate that a waiver of service was sent to MCSP for Defendant Wathen on July 17, 2004. A return letter from MCSP, either dated or received on September 23, 2004, indicated that Defendant Wathen was no longer employed there. On September 30, 2004, a request for Defendant Wathen's last known address was faxed to the California Department of Corrections (now known as the California Department of Corrections and Rehabilitation "CDCR"). The notes indicate that the CDCR responded on October 1, 2004, stating that they were "unable to locate."

The unexecuted notice of service was filed with the Court on October 4, 2004. Docket No. 34. On November 4, 2004, Plaintiff requested that the Court order the Marshal to reattempt service on Defendant Wathen. Docket No. 37. Plaintiff argued that Defendant Wathen, a correctional officer with the CDCR, could not have simply vanished without so much as a last known address. *Id*. This request was renewed on January 31, 2005. Docket No. 43. On July 25, 2005, both motions were denied as moot when this Court dismissed Plaintiff's action under the three strikes rule. Docket No. 45. Plaintiff has renewed this motion once again now that his complaint has been reinstated. Docket No. 97.

"[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and, having provided the necessary information to help effectuate service, plaintiff should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform

ORDER

the duties required of each of them under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). This prisoner is required to act with diligence and provide the Marshal with sufficient information to serve the defendant. *Walker v. Summer*, 14 F.3d 1415, 1422 (9th Cir. 1994).

The Court agrees with Plaintiff that it is highly unlikely Defendant Wathen vanished from the CDCR without so much as a last known address. Accordingly, the Court will direct the United States Marshal to make greater inquiry of the CDCR and reattempt service on Defendant Wathen. If the Marshal is still unable to effect service on Defendant Wathen because the CDCR lacks a last known address, Plaintiff will then be given 60 days to provide new information on Defendant Wathen's location.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss at **Docket No. 98** is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's second claim is dismissed without prejudice. As they were directly named only in Plaintiff's second claim, Defendants D.D. Brown, T. Hansen, J. Arthur, JJ. Silva, S. Kernan, M.E. Knowles, M. Cherry, H. Seinwirth, H. Hettema, J. Feltner, and A. Karelas are also dismissed without prejudice. Accordingly, Defendants Wathen, G.R. Seinz, and B. Williams are the only remaining defendants.

2. Plaintiff's motion requesting reservice of Defendant Wathen at **Docket No. 97** is **GRANTED.**

3. The Clerk of the Court is directed to forward a copy of this Order to the United States Marshal.

4. Within 30 days from the date of this Order, the United States Marshal is directed to make further inquiry of the California Department of Corrections and Rehabilitation regarding Defendant R. Wathen's last known address. If they are unable to locate Defendant Wathen or his last known address, some explanation should be proffered as to why they lack such information.

5. Should the CDCR be unable to locate Defendant Wathen or his last known address, the Marshal shall file the CDCR's response and explanation with the Court. If necessary to

ORDER

maintain the confidentiality of information provided by the CDCR pursuant to this Order, the Marshal may file the response under seal.

6. Within ten days of receipt of Defendant Wathen's last known address, the Marshal shall notify Defendant R. Wathen of the commencement of this action and to request a waiver of service of summons in accordance with the provisions of Fed. R. Civ. P. 4(d) and 28 U.S.C. § 566(c). If the waiver of service of summons is not returned by Defendant within 60 days from the date of mailing the request for waiver, the United States Marshal shall:

    a. Personally serve process and a copy of this order upon the Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedures and 28 U.S.C. § 566(c) and shall command all necessary assistance from the CDCR to execute this Order. The United States Marshal shall maintain the confidentiality of all information provided by the CDCR pursuant to this Order.

    b. Within ten days after personal service is effected, the United States Marshall shall file the return of service for the Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service on Defendant Wathen. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of the service will be taxed against the personally served Defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2).

Dated this the 8th day of December 2008.

                                                /s/ James K. Singleton, Jr.
                                                **JAMES K. SINGLETON, JR.**
                                                United States District Judge

ORDER